# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON R. HOPSON,<br><br>Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Respondent. | CASE NO. 10-CV-2485 H (POR)<br><br>**ORDER:**<br><br>**(1) DENYING REQUEST FOR A CERTIFICATE OF APPEALABILITY**<br><br>**(2) DENYING AS MOOT MOTION TO PROCEED IN FORMA PAUPERIS** |

On December 9, 2010, this Court entered judgment denying a petition for writ of habeas corpus brought by Shannon R. Hopson ("Petitioner") pursuant to 28 U.S.C. § 2254. (Doc. No. 3.) On February 10, 2011, Petitioner filed a request for a certificate of appealability and a request to proceed in forma pauperis. (Doc. No. 6.)

## BACKGROUND

The instant Petition is not the first Petition for a Writ of Habeas Corpus Petitioner has submitted to this Court challenging his June 25, 2001 conviction in San Diego Superior Court case No. SCD 146596. On June 3, 2003, Petitioner filed in this Court a Petition for Writ of Habeas Corpus. (See Petition filed June 3, 2003 in case 03-cv-1115-K (POR) [Doc. No. 1].) On April 30, 2004, this Court denied the petition on the merits. (See Order filed April 30, 2004 in case 03-cv-1115 K (POR) [Doc. No. 30].) Petitioner appealed that determination. On

June 20, 2006, the Ninth Circuit Court of Appeals vacated and remanded the appeal with instructions to dismiss Petitioner's Rule 60(b) motion, which the Court previously denied for lack of subject matter jurisdiction. (See Order in Hopson v. Director of Correction, No. 04-57196 (9th Cir. Jul. 31, 2006).) The Court dismissed the Rule 60(b) motion as directed, leaving the order denying the petition intact.

On December 1, 2010, Petitioner filed another writ for habeas corpus which also challenged his conviction in San Diego Superior Court case number SCD 146596. (Doc. No. 1.) On December 9, 2010, the Court summarily dismissed the Petition as successive pursuant to 28 U.S.C. § 2244(b)(3)(A) gatekeeper provision without reaching the underlying constitutional claims. (Doc. No. 3.)

## DISCUSSION

## I. REQUEST FOR A CERTIFICATE OF APPEALABILITY

A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If the petition is dismissed on procedural grounds without reaching the petitioner's underlying constitutional claim, the court must decide whether "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 478 (2000); Lambright v. Stewart, 220 F.3d 1022, 1026 (9th Cir. 2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack, 529 U.S. at 484.

Because each component is a part of the threshold inquiry, the court may dispose of the case "in a prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 485. Therefore, a court does not have to address the constitutional question "if there is also present some other ground upon which the case may be disposed of." Id. (quoting Ashwander v. TVA, 297 U.S. 288, 347

- 2 -

10cv2485

1 (1936) (Brandeis, J., concurring)).

2     The Court dismissed Petitioner's action because Petitioner challenged the same conviction he challenged in a prior habeas corpus petition without obtaining an order from the appropriate court of appeals authorizing the district court to consider the successive petition. See 28 U.S.C. § 2244(b)(3)(A).  Because a successive petition without authorization from the appropriate court of appeals is "a plain procedural bar" that the Court was "correct to invoke . . . to dispose of the case," jurists of reason would not find it debatable whether the Court was correct in its procedural ruling.  See Slack, 529 U.S. at 484.  Accordingly, the Court **DENIES** Petitioner's request for a certificate of appealability.

## II. REQUEST TO PROCEED IN FORMA PAUPERIS

Because the Court denies Petitioner's request for a certificate of appealability, Petitioner's request to proceed in forma pauperis is moot.  Accordingly, the Court **DENIES** as moot Petitioner's request to proceed in forma pauperis.

## CONCLUSION

For the above reasons, the Court **DENIES** Petitioner's request for a certificate of appealability and **DENIES** as moot Petitioner's request to proceed in forma pauperis.

**IT IS SO ORDERED.**

DATED: March 11, 2011

_____
MARILYN L. HUFF, District Court
UNITED STATES DISTRICT COURT